IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF NEBRASKA AT KEARNEY, BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, DAVID L. BRANDT, CHERYL BRESSINGTON, CHRISTY HORN, GAIL ZELLER,<br><br>Defendants. | **4:11CV3209**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the defendants' motion for protective order, (Filing No. 62). For the reasons set forth below the motion will be granted in part and denied in part.

BACKGROUND

The plaintiff, United States of America, alleges the defendants discriminated against, and failed to make reasonable accommodation for, a disabled student. Specifically, the complaint asserts the defendants violated the Fair Housing Act by failing to allow a student to live with an animal the student described as an emotional assistance animal. The student suffers from anxiety attacks and depression. Her dog is trained to respond to the student's anxiety attacks by distracting the student, but is allegedly not a trained service animal. The University did not allow the student to reside with her dog absent showing the dog was certified, trained, or licensed service animal.

The plaintiff served a third-party subpoena on the National Association of College and University Attorneys ("NACUA"). "The NACUA is an association of attorneys serving non-profit, regionally accredited institutions of higher education in the United

States, Canada, and further abroad." (Filing No. 59, CM/ECF at p. 3.). The members of the NACUA are primarily non-profit colleges and universities, including the University of Nebraska. UNK produced documents exchanged between the University of Nebraska and the NACUA regarding the Fair Housing Act and whether students are entitled to reasonable accommodation in student housing. However, the plaintiff seeks additional documents from the NACUA including:

- Any and all documents that relate to, mention, or analyze which laws apply to university housing;
- Any and all documents that relate to or mention whether animals, and if so what type of animals, universities or colleges should accommodate for persons with disabilities, whether as a matter of law or policy, in housing owned or managed by a university or college.

(Filing No. 60-1, at CM/ECF p. 17).

The defendants filed a motion for a protective order prohibiting the NACUA from responding the requests.[1] Specifically, the defendants argue that the information sought has either been provided, or in the case of documents that were not specifically provided to UNK and were not reviewed by any employee or other representative of UNK, are not relevant.

[1] The defendants also argue that the Plaintiff failed to comply with NECivR 45(b) in serving the subpoena duces tecum on NACUA and request that the court order the plaintiff to withdraw the subpoena. Even if the Plaintiff did in fact fail to comply with the local rule regarding the issuance of third-party subpoenas, the violation has been remedied. NACUA has not responded to the contested requests and the protective order is essentially being ruled upon as a motion to quash. The court will not delay the progression of this case by striking the current subpoena, and then addressing the same issues after the subpoena is re-served and the defendants file a motion to quash.

ANALYSIS

The scope of permissible discovery is extremely broad and parties may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents . . ." Fed. R. Civ. P. 26(b)(1). "A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action". Gladfelter v. Wal-Mart Stores, Inc, 162 F.R.D. 589, 590 (D. Neb. 1995). However, the scope of discovery is not unlimited. Some threshold showing of relevance must be made before parties are required to produce a variety of information which does not "reasonably bear upon the issues in the case." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992).

Once the requesting party meets the threshold relevance burden, "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing to bear that burden." Continental Ill. Nat'l Bank & Trust Co. Of Chicago v. Caton, 136 F.R.D. 682, 684-85 (D. Kan. 1991). "[T]he scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34" and is subject to the rules that apply to other methods of discovery. Desert Orchid Partners, L.L.C. v. Transaction Sys. Architects, Inc., 237 F.R.D. 215, 217 (D. Neb. 2006) (quoting Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicecenter, Inc., 211 F.R.D. 658, 662 (D.Kan.2003).

> Fed.R.Civ.P. 26(c) requires that "good cause" be shown for a protective order to be issued. The burden is therefore upon the movant to show the necessity of its issuance, which contemplates "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements...." Such determination must also include a consideration of the relative hardship to the non-moving party should the protective order be granted.

DeJong v. Bell Helicopter Textron, Inc., 124 F.R.D. 207, 208 (W.D.Mo.1988) (quoting Gen. Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204 (8th Cir.1973)).

The defendants seek a protective order to prevent the NACUA from responding to certain requests in the subpoena. It asserts documents responsive to the requests are not relevant because they call for the production of documents that no employee or representative of UNK has ever viewed or used in its decision-making process. The plaintiff argues that any documents in the NACUA's possession that address, relate to, or mention the accommodations which universities or colleges must make for animals of disabled individuals are relevant because the United States should have the opportunity to question defendants about whether they, in fact, read or consulted those documents.

Based on the parties' court-ordered supplemental briefing, for some of the plaintiff's FHA claims, the plaintiff must prove the defendants' discriminatory intent. See, e.g., Gallagher v. Magner, 619 F.3d 823, 831 (8th Cir. 2010) ("[p]roof of discriminatory purpose is crucial for a disparate-treatment claim" under the FHA). While it is true a deponent cannot provide answers to specific questions pertaining to the content of documents of which he or she has no knowledge, a deponent can be asked if they recognize a document or have reviewed it. If the NACUA made documents or publications addressing accommodation and student housing readily available to its members, Defendants' willful disregard or failure to consult those publications or documents *may* provide evidence of Defendants' state of mind or intent, or may lead to admissible evidence regarding that issue. To the extent the government's subpoena seeks information available to the NACUA membership as a whole that the Defendants' representatives never reviewed, the information may be relevant or may lead to the discovery of relevant information.

Plaintiff's requests, as drafted, also seek documents or information from the NACUA that were not readily available to Defendants' representatives – e.g., documents that did not appear in a publication circulated to the NACUA membership or documents that never

appeared on its NACUA website – those materials are not relevant and are not discoverable. Documents such as NACUA internal communications which were not available for Defendants' review, and communications between the NACUA and any of its other member institutions that were not disseminated to the NACUA membership as a whole, are not relevant.

IT IS ORDERED that Defendants' motion for a protective order, (Filing No. 62), is granted in part and denied in part as follows:

1) Third-party NACUA shall comply with the subpoena served on it by the plaintiff, but only to the extent the subpoena seeks documents, publications, or website materials that were circulated, distributed, or otherwise made readily available to the Defendants specifically, or to the NACUA membership as a whole, from January 1, 2007 until November 23, 2011.

2) To the extent the subpoena requests any other documents or publications, the motion for protective order is granted.

Dated this 15th day of May, 2013.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.