IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF NEBRASKA AT KEARNEY,  BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, DAVID L. BRANDT, CHERYL BRESSINGTON, CHRISTY HORN, GAIL ZELLER,<br><br>                Defendants. | 4:11CV3209<br><br>**MEMORANDUM AND ORDER** |

The parties have moved to continue the progression schedule, explaining "an additional thirty (30) days is necessary to attempt to resolve their differences before filing motions seeking the Court's intervention," and all other pretrial preparation deadlines must be extended accordingly. (Filing No. 101).  Upon consideration of the motion,

IT IS ORDERED:

1) The parties' joint motion to continue, (Filing No. 101), is granted, and the progression order is modified as follows:

    a. The trial and pretrial conferencing scheduling remains unchanged.

    b. The deadline for completing electronic discovery is May 1, 2014. Motions to compel electronic discovery must be filed by June 2, 2014.

    c. Written discovery under Rules 33 through 36, other than electronic discovery, must be served by October 1, 2014.

    d. The deadlines for identifying expert witnesses expected to testify at the trial and deadlines for complete expert disclosures, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

        For the plaintiff(s):      September 2, 2014.
        For the defendant(s):  October 2, 2014.
        Rebuttal expert(s):     October 17, 2014.

  e. The deposition deadline is November 3, 2014.

  f. The deadline for filing motions to dismiss and motions for summary judgment is November 26, 2014.

  g. The deadline for filing motions to exclude testimony on *Daubert* and related grounds is November 26, 2014.

2) If the parties cannot resolve their ESI discovery disputes, when filing any motion to compel electronic discovery (or for a protective order related to that discovery), the moving party must, as part of its motion, inform the court on the following topics:

  a. What are the agreed-upon, or the parties' respective versions of, the criteria governing the scope of relevant discovery?

  b. As to the retrieval of additional ESI for defendant's privilege and relevance review:

    i. Have counsel engaged in an active, open, and cooperative dialogue regarding the search terms?

    ii. Have the parties used a sample set of known relevant documents to create a listing of search terms? If not, why?

    iii. What computer hardware has been searched so far and/or imaged in anticipation of searching ESI?

    iv. As to the selection of keywords, explain how and why certain keywords should be used or discarded, including:

     -- whether the actual document custodians have been contacted to assist in understanding the relevant keywords, acronyms, and abbreviations that may be used in the communications;

     -- who has provided input in selecting the keywords; and

     -- as to any review currently in progress, who ultimately decided which keywords were used.

    v. What form of document retrieval method is or should be used (e.g. a simple keyword search; a more sophisticated search that uses Boolean proximity codes; or predictive coding software), and

          compared to the amount at issue in this case, what is the cost and benefit of each method, and who should bear that cost?

vi.     Whether and how the people who created or are advocating selection criteria and a search methodology for this case are qualified to design an effective and reliable search and electronic information retrieval method.

vii.    As to defendant's current efforts to retrieve and review electronic discovery:

       -- Have the results of the search been analyzed to assess the quality of the search means deployed?

       -- Is the search method reliable, accurate, and precise?

       -- How do you know?

       -- Can the methodology be improved and at what cost in terms of both time and money?

viii.   Have the parties discussed ranking the electronic discovery retrieved, and have they decided on a cutoff, after which the retrieved documents are likely irrelevant, duplicative, or so marginally relevant that the cost of the defendant's relevancy and privilege review is no longer justified?

ix.    Is professional assistance being used to develop retrieval and search parameters and methods and, if not, should the court appoint a special master with the cost assessed against the parties?

x.     Will completing certain discovery (by any means, including deposition) help the parties further refine future e-discovery efforts?

xi.    What options have the parties explored for locating and disclosing relevant discovery through means that are less expensive than reviewing ESI?

March 31, 2014.

                                    BY THE COURT:

                                    *s/ Cheryl R. Zwart*
                                    United States Magistrate Judge