IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF NEBRASKA AT KEARNEY, et al.,<br><br>               Defendants. | 4:11-CV-3209<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on three motions for summary judgment: the plaintiff's motion for partial summary judgment as to liability (filing 135), the defendants' motion for partial summary judgment (filing 185) contending that the defendants are not disabled for purposes of the Fair Housing Act, and the defendants' motion for summary judgment (filing 239) contending that the defendants did not refuse accommodations to the students on whose behalf the plaintiff has sued.

      The parties' motions for partial summary judgment will be denied in their entirety. Having carefully considered the parties' arguments and evidence, the Court finds that genuine issues of material fact remain which preclude summary judgment. It is the Court's role on summary judgment to determine the existence of any triable questions of material fact, not to resolve such questions. *See Montin v. Estate of Johnson,* 636 F.3d 409, 414 (8th Cir. 2011). It suffices to say that the Court finds, with respect to the plaintiff's motion for summary judgment, that the defendants' written materials respecting service animals are not dispositive of whether the defendants' policy ruled out accommodating disabled students with therapy dogs. But by the same token, the Court finds that factual issues preclude determining, as a matter of law, that the two students particularly at issue were not disabled: in particular, while the Court has considered the import of *Sutton v. United Airlines, Inc.,* 527 U.S. 471 (1999), the Court nonetheless concludes that the plaintiff's evidence, if credited by the jury, could support a finding that the students' respective conditions were (with or without their dogs) sufficiently persistent and limiting to warrant statutory protection. The jury could, of course, conclude otherwise—but that will be up to the jurors.

      Finally, the Court finds that there are factual disputes that preclude concluding, as a matter of law, that the defendants did not discriminate on the basis of the students' disabilities. While the parties agree on the broad

contours of the process engaged in by the students and defendants regarding their respective requests for accommodation, their accounts differ in meaningful ways, and it will be up to the jury to resolve those differences.

That said, the Court finds that the individual defendants, in their individual capacities, are entitled to qualified immunity. The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Messerschmidt v. Millender*, 132 S. Ct. 1235, 1244 (2012); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. *Pearson*, 555 U.S. at 231. In short, the plaintiff must plead facts showing that (1) the defendants violated a statutory or constitutional right, and (2) the right was clearly established at the time of the challenged conduct. *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011). And the Court has discretion to decide which of the two prongs of qualified-immunity analysis to tackle first. *Id.*

For these purposes, a government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that any reasonable official would have understood that what he is doing violates that right. *Ashcroft*, 131 S. Ct. at 2080. Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken. *Messerschmidt*, 132 S. Ct. at 1245; *Pearson*, 555 U.S. at 244. The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact. *Messerschmidt*, 132 S. Ct. at 1245. Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law. *Id.* at 1244; *see also Ashcroft*, 131 S. Ct. at 2085.

The defendants in this case cannot be found to have been plainly incompetent or to have knowingly violated the law. To begin with, while the Court is entirely comfortable with its conclusion that the Fair Housing Act applies to university dormitories, that issue was one of first impression. *See* filing 80. And even if the defendants could be charged with knowledge that the Fair Housing Act was applicable, the parties' voluminous briefs in this case provide ample illustration of how difficult its requirements can be to apply to particular circumstances. The skilled and experienced lawyers on both sides of this case have what appear to be good-faith disagreements about

what the Fair Housing Act requires and how it should have been applied in this case. The Court will not charge university employees with liability for not knowing how to resolve those issues. "'Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.'" *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012).

In short, the Court finds that the applicability of the Fair Housing Act to university dormitories, and its requirements as applied to the unique facts of each student's case, were not clearly established at the time of the challenged conduct. Accordingly, the individual defendants are entitled to qualified immunity in their individual capacities, and their motion for summary judgment will be granted to that extent.[1]

IT IS ORDERED:

1. The plaintiff's motion for partial summary judgment as to liability (filing 135) is denied.

2. The defendants' motion for partial summary judgment (filing 185) is denied.

3. The defendants' motion for summary judgment (filing 239) is granted in part, and in part denied, as set forth above.

4. The plaintiff's claims as to David L. Brandt, Cheryl Bressington, Christy Horn, and Gail Zeller, in their individual capacities, are dismissed on the basis of qualified immunity.

Dated this 25th day of August, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[1] The Court also notes the defendants' argument for immunity from punitive damages. Filing 240 at 56-57. But the Court need not address that because the plaintiff has expressly disclaimed seeking punitive damages, filing 267 at n.22, which the Court takes to be a judicial admission in this context. In any event, the precise measure of available damages is usually better addressed at a jury instruction conference than on summary judgment.